# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **KEVIN RASHAAN GOLDEN,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.  6:20-CV-00620-JDK** |
| | § | |
| **v.** | § | |
| | § | |
| **CITY OF LONGVIEW, ET AL.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Before the court is Defendants City of Longview (the "City"), Rolin McPhee, Chi Ping Stephen Ha, Keith Covington, Mary Ann Miller, Robin Edwards, and Dwayne Archer's (collectively the "Individual Defendants") Motion to Dismiss. (Doc. No. 31.)  Plaintiff Kevin Rashaan Golden has responded (Doc. No. 33) and submitted a motion for sanctions (Doc. No. 36). For the reasons stated herein, the court **RECOMMENDS** that Defendants' motion to dismiss (Doc. No. 13) be **GRANTED** as to Plaintiff's ADA, HIPPA, and TMRPA claims against the Individual Defendants and those claims be **DISMISSED** with prejudice. Furthermore, the court **RECOMMENDS** that all of Plaintiff's section 1983 claims be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Finally, Plaintiff's motions for sanctions (Doc. No. 36) is **DENIED**.

## I.   Background and Procedural History

Plaintiff Kevin Rashaan Golden brought this case on November 27, 2020. (Doc. No. 1.) Plaintiff initially named the City of Longview Public Works Division, Rolin McPhee, Chi Ping

Stephen, Keith Covington, Mary Ann Miller, and a John and Jane Doe as Defendants.[1] *Id*. On April 5, 2021, Defendants filed a motion to dismiss arguing that: (1) the City of Longview Public Works Division is not a legal entity which can be sued, and (2) the other defendants cannot be sued in their individual capacities under the ADA. (Doc. No. 18 at 4–6.) The court agreed, and on April 26, 2021, the court issued a Report recommending that the motion be granted and Plaintiff's claims against the City of Longview Public Works Division and the Individual Defendants be dismissed with prejudice. (Doc. No. 19 at 9.) The Report also recommended that Plaintiff's claims against the John and Jane Doe be dismissed without prejudice. *Id*. at 9.

On May 6, 2021, the court received Plaintiff's motion for leave to file an amended complaint which the court granted as Plaintiff is proceeding *pro se*. (Doc. Nos. 24, 28.) The court received Plaintiff's amended complaint and supplemental complaint on June 17, 2021. (Doc. No. 30.) Though difficult to discern, Plaintiff's amended complaint still names Rolin McPhee, Chi Ping Stephen, Keith Covington, Mary Ann Miller as Defendants. *Id*. at 1. The amended complaint also adds the City of Longview, Dwayne Archer, and Robin Edwards as Defendants. *Id*. Plaintiff alleges that Edwards is a "Human resource agent/counsel for the City of Longview" and Archer was "the Public Works Division Assistant Director" while Plaintiff was employed by the City. *Id*. at 3, 25. Plaintiff no longer brings claims against the City Public Works Division or a John and Jane Doe.

Plaintiff alleges that he was discriminated against because he has Attention-Deficit Hyperactivity Disorder ("ADHD"). *Id*. at 24–35. Plaintiff contends that while he worked for the Public Works Division, he informed his supervisor Keith Covington of his diagnosis and requested

---

[1] As stated in the court's previous Report, Plaintiff alleges that he was an employee of the Public Works Division; that Rolin McPhee is the "Director" for the Public Works Division; that Chi Ping Stephen Ha is a "Supervisor" and Keith Covington is an "Assistant Supervisor" within the Public Works Division; and that Mary Ann Miller is the "Human Resource Director." (Doc. No. 1 at 2.)

reasonable accommodations which Covington agreed to provide. *Id.* He claims that he did not receive reasonable accommodations for his disability, was retaliated against, and ultimately fired as a result. *Id.* at 6–9. The court construes his amended complaint to bring four causes of action: (1) claims under the Americans with Disability Act ("ADA"); (2) claims under the Health Insurance Portability and Accountability Act of 1996 ("HIIPPA"); (3) claims under the Texas Medical Records Privacy Act ("TMRPA"); and, (4) multiple claims pursuant to 42 U.S.C. § 1983. *See id.* Plaintiff seeks damages for lost wages and for pain and suffering. *Id.* at 81.

## II.    Defendants' Motion to Dismiss

Defendants filed the instant motion on June 22, 2021; the motion concerns only certain claims against the Individual Defendants. (Doc. No. 31.) The City of Longview also filed a separate answer to Plaintiff's amended complaint. (Doc. No. 32.) Defendants state that because they have had difficulty interpreting Plaintiff's claims, they construe the amended complaint to assert three causes of action: (1) various claims under the ADA; (2) a cause of action under HIPPA; and, (3) a cause of action under TMRPA. (Doc. No. 31 at 3.) They believe that Plaintiff pleads six causes of action under the ADA against all Defendants: (1) Disability Discrimination; (2) Retaliation; (3) Failure to Reasonably Accommodate Plaintiff's Disability; (4) "Failure to Engage in Interactive Process of Plaintiff Mental Disability;" (5) "Prejudicially Denied/Failed to Provide Equal Training to Plaintiff Protected Class;" and, (6) "Mental Disability Discrimination." *Id.* at 3–4.

Defendants maintain that the Individual Defendants cannot be sued under the ADA because individual liability does not exist under the ADA. *Id.* at 4–5. For that reason, Defendants argue that all of Plaintiff's ADA claims against the Individual Defendants should be dismissed. *Id.* at 5. Defendants also assert that because no private cause of action exists under either HIPPA or

TMRPA, Plaintiff's HIPPA and TMPRA claims should be dismissed against the Individual Defendants as well. *Id.* at 6.

## III.    Plaintiff's Response

The court received Plaintiff's response on July 7, 2021. (Doc. No. 33.) Similar to his amended complaint, Plaintiff's response is difficult to understand. The majority of Plaintiff's response does not directly address the instant motion (Doc. No. 31) but addresses the City's answer (Doc. No. 32) as if the answer was a motion to dismiss. Specifically, Plaintiff argues that he has sufficiently plead facts to bring various ADA claims against the City. As to the arguments that Defendants made in their motion, Plaintiff argues that he is not suing the Individual Defendants under the ADA, HIPPA, or TMRPA, and that he only brings those claims against the City of Longview. (Doc. No. 31 at 14, 20.) He states that he is suing the Individual Defendants under 42 U.S.C. § 1983 for violating "federal and state constitutional law [by] discriminating against the plaintiff on account of his mental disability and retaliate[ing] against the plaintiff." *Id.* at 15.

## LEGAL STANDARD

When a defendant files a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court clarified the standards that apply in a motion to dismiss for failure to state a claim in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The Court does "not require heightened fact pleading of specifics, but only enough facts to

state a claim to relief that is plausible on its face." *Id.* at 570. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id.* The distinction between merely being possible and plausible was reiterated by the Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 677–78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. Courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id.* at 678.

A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," or if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability. *Id.*; *see also Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

The pleading of a *pro se* plaintiff is to be liberally construed and is held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, even with *pro se* litigants, "conclusory allegations or legal conclusions masquerading as factual conclusions," are not sufficient for a well-pleaded complaint. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d

781, 786 (5th Cir. 2001)). If the facts alleged in a complaint do not permit the court to infer more

than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *Id.* (citing

Fed. R. Civ. P. 8(a)(2)). Dismissal is proper if a complaint lacks a factual allegation regarding any

required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th

Cir. 2006).

## DISCUSSION

Here, Defendants argue that Plaintiff's claims against the Individual Defendants should be

dismissed because there is no individual liability under the ADA, and no private cause of action

exists under either HIPPA or the TMRPA. (Doc. No. 31.) The court agrees that these claims should

be dismissed as should Plaintiff's section 1983 claims against all Defendants. Finally, Plaintiff's

motion for sanctions (Doc. No. 36) should be denied.

### I.   Plaintiff's ADA, HIPPA, and TMRPA claims

As Defendants state in their motion, Plaintiff's amended complaint is difficult to decipher.

(Doc. No. 31.) Though Plaintiff argues otherwise, it does appear that he brings ADA, HIPPA, and

TMRPA claims against the Individual Defendants. At multiple points in the amended complaint,

he explicitly accuses the Individual Defendants of violating the statutes. (Doc. No. 30 at 1–3, 7–8,

10–20, 22–23, 35–71.) For example, the first and second sections of his amended complaint are

titled "Title I ADA Complaint" and "42 U.S.C. Section 1983 Complaint." (*Id.* at 22–23.)

Underneath each section title are various alleged violations of law, but there is no language which

would make it apparent whether these various claims are brought against one or all the Defendants.

Because Plaintiff specifically accuses all Defendants of violating the ADA, HIPPA, and the

TMRPA at various points throughout his amended complaint, it was logical for Defendants to

construe his amended complaint to bring these claims. For these reasons, the court also construes

Plaintiff's amended complaint to bring ADA, HIPPA, and TMRPA claims against the Individual Defendants.

As the court stated in its previous Report (Doc. No. 19), there is no individual liability under the ADA. The ADA prohibits employers from discriminating against a "qualified individual with a disability on the basis of that disability." 42 U.S.C. § 12112(a); *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2015). The ADA defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day ... and any agent of such person." 42 U.S.C. § 12111(5)(A). The Fifth Circuit has not specifically addressed the issue of individual liability under the ADA, but courts within the Fifth Circuit have consistently found that individual liability is precluded under the ADA. *Bailey v. Dallas Cty. Sch*., No. 3:16-CV-1642-M, 2016 WL 7638146, at *4 (N.D. Tex. Dec. 9, 2016), report and recommendation adopted, No. 3:16-CV-1642-M, 2017 WL 57836 (N.D. Tex. Jan. 4, 2017); *see Franklin v. City of Slidell*, 928 F. Supp. 2d 874, 882 (E.D. La. 2013) (collecting cases); *see also Shabazz v. Texas Youth Comm'n*, 300 F. Supp. 2d 467, 473 (N.D. Tex. 2003) (holding that "due to the similarity in the definitions of 'employers' under Title VII, the ADEA, and the ADA ... that personal capacity suits are likewise prohibited under the ADA.").

Plaintiff alleges that Rolin McPhee is the "Director" for the City of Longview Public Works Division; that Chi Ping Stephen Ha is a "Supervisor" and Keith Covington is an "Assistant Supervisor" within Public Works Division; that Mary Ann Miller is the "Human Resource Director;" that Dwayne Archer was "the Public Works Division Assistant Director" while Plaintiff was employed by the City, and that Robin Edwards is a "Human resource agent/counsel for the City of Longview." (Doc. Nos. 1; 30 at 3, 25.) Defendants contend that the Individual Defendants are employees of the City of Longview and do not meet the ADA definition of "employer." (Doc.

No. 31 at 4–5.) The court agrees. Plaintiff has not pleaded factual allegations that plausibly show, or from which it may be inferred, that any of the Individual Defendants were his "employer" under the ADA. To the extent that Plaintiff brings ADA claims against the Individual Defendants, Plaintiff's complaint fails to plead sufficient facts to state a claim upon which relief can be granted and cannot survive a 12(b)(6) motion. Accordingly, Plaintiff's ADA claims against the Individual Defendants should be dismissed.

As stated above, the court construes Plaintiff's amended complaint to assert causes of action against all the Individual Defendants under HIPPA and the TMRPA. (Doc. No. 30.) However, neither of these statutes provide a private cause of action. The Fifth Circuit has explicitly held that HIPAA does not provide a private cause of action. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction over [Plaintiff's] asserted claims."); *Bullard v. Texas Dep't of Aging & Disability Servs*., 19 F. Supp. 3d 699, 706 (E.D. Tex. 2013). Similarly, courts have held that the TMRPA does not provide a private cause of action. *Anderson v. Octapharma Plasma, Inc*., No. 3:19-CV-2311-D, 2020 WL 7245075, at *21 (N.D. Tex. Dec. 9, 2020) (citing *Sloan v. Farmer*, 217 S.W.3d 763, 766 (Tex. App. 2007, pet. denied) ("[N]either [HIPAA] nor the TMRPA provide a private remedy."); *see* Tex. Health & Safety Code Ann. § 181.201 (authorizing attorney general to institute action for injunctive relief or civil penalties but not authorizing private right of action). Therefore, Plaintiff's HIPPA and TMRPA claims should be dismissed against all the Individual Defendants.

For the reasons stated above, the court **RECOMMENDS** that Defendants' motion to dismiss regarding Plaintiff's ADA, HIPPA, and TMRPA claims against the Individual Defendants be **GRANTED** and those claims be **DISMISSED** with prejudice.

## II.     Plaintiff's Section 1983 Claims

Plaintiff argues that he brings claims against the Individual Defendants under 42 U.S.C. § 1983. (Doc. No. 33 at 14–15.) Defendants have not responded to Plaintiff's argument regarding his alleged section 1983 claims. The court liberally construes Plaintiff's amended complaint with all possible deference due a *pro se* litigant. *See Erickson*, 551 U.S. at 94 (*Pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Under this most liberal construction, the court construes Plaintiff's amended complaint (Doc. No. 30) to assert claims against all Defendants under section 1983.

Plaintiff explicitly references section 1983 multiple times throughout his amended complaint. (Doc. No. 30 at 2, 5, 10, 13, 15, 22–23,71, 73, 81.) For example, after listing the claims he brings only against the City, Plaintiff lists "42 U.S.C. Section 1983 Federal & State Law Divisions Complaint" as the title of a section which lists claims against both the City and the Individual Defendants. *Id*. at 71. Within this section, Plaintiff lists multiple claims under section 1983, alleging that Defendants violated his rights to due process and equal protection under the Fourteenth Amendment, the ADA, the Texas Constitution, and various Texas laws. (Doc. No. 30 at 71–81.) Specifically, he maintains that Defendants violated his rights through: 1) disability discrimination; 2) a deprivation of an investigation and a hearing on discrimination complaints; 3) a deprivation of a hearing on negative statements about his work performance resulting in his termination; and, 4) conspiracy to commit employment discrimination. (Doc. No. 30 at 73, 76, 78, 80.)

As Plaintiff is proceeding *in forma pauperis* (Doc. No. 5), the court's screening authority pursuant to 28 U.S.C. § 1915(e)(2) requires it to scrutinize these claims at this stage. 28 U.S.C. § 1915(e)(2) provides that:

 Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(A) the allegation of poverty is untrue; or
(B) the action or appeal—
  (i) is frivolous or malicious;
  (ii) fails to state a claim on which relief may be granted; or
  (iii) seeks monetary relief against a defendant who is immune from such relief.

Though Defendants only moved on certain claims, the court must give all of Plaintiff's asserted claims careful consideration pursuant to section 1915(e)(2).

While the court construes Plaintiff's amended complaint to assert claims under section 1983, that does not mean that he can successfully bring these claims. First, to the extent that Plaintiff attempts to bring section 1983 claims for violations of state law, he is thwarted by the language of section 1983 itself. To establish liability under section 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013); *see also Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (noting that whether the plaintiff has been deprived of a right secured by the Constitution is a threshold inquiry in a section 1983 claim). Therefore, Plaintiff's claims under the Texas Constitution and Texas labor laws should be dismissed as section 1983 may not be used to enforce rights under state laws.

Furthermore, to the extent that Plaintiff seeks relief pursuant to section 1983 for Defendants' alleged violations of the ADA, those claims too must fail because section 1983 may not be used to enforce rights under statutes with their own specific remedial schemes. *Johnston v.*

*Harris County Flood Control Dist*., 869 F.2d 1565, 1574 (5th Cir. 1989) (holding that "Section 1983 is not an available remedy for the deprivation of a statutory right when the statute itself provides an exclusive remedy for violations of its own terms."). Because the ADA provides the exclusive remedy for disability discrimination, Plaintiff must pursue claims against Defendants pursuant to the processes provided under that statute. *See Johnston*, 869 F.2d at 1574; *Doe v. Eanes Indep. Sch. Dist*., No. A-19-CV-00538-LY, 2019 WL 5693767, at \*4 (W.D. Tex. Nov. 4, 2019); *Leeper v. Travis Cty*., 2018 WL 2452972, at \*2 (W.D. Tex. May 31, 2018) (holding ADA's comprehensive enforcement scheme precludes § 1983 claims for violations of Title II). Accordingly, Plaintiff's section 1983 claims alleging violations of the ADA are preempted, though as previously stated, his disability discrimination claims against the Individual Defendants are also subject to dismissal because is no individual liability under the ADA.

For the reasons stated above, it is **RECOMMENDED** that Plaintiff's section 1983 claims alleging violations of the Texas Constitution, Texas state laws, and the ADA be **DISMISSED** with pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### a.   Alleged Fourteenth Amendment Violations

The only remaining section 1983 claims are Plaintiff's alleged Fourteenth Amendment violations. As stated above, Plaintiff maintains that Defendants violated his rights under the Fourteenth Amendment through: 1) disability discrimination; 2) a deprivation of an investigation and a hearing on his discrimination complaints; 3) a deprivation of a hearing on negative statements about his work performance resulting in his termination; and, 4) conspiracy to commit employment discrimination. (Doc. No. 30 at 73, 76, 78, 80.) The Fourteenth Amendment to the Constitution of the United States guarantees, in pertinent part, that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1.

Section 1983 provides a cause of action against an individual who, acting under color of state law, has deprived a person of a federally protected statutory or constitutional right. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 426 U.S. 40, 49–50 (1999). Therefore, to prevail on his Fourteenth Amendment claim, Plaintiff must establish: (1) a deprivation of a property or liberty interest (2) under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 536–37 (1981).

Plaintiff describes his first alleged violation as "mental disability discrimination" in violation of the equal protection clause of the Fourteenth Amendment. (Doc. No. 30 at 73.)  This claim must fail because, as previously stated, the ADA provides the exclusive remedy for disability discrimination. *See Johnston*, 869 F.2d at 1574. Furthermore, because there is no individual liability under the ADA, any claims of disability discrimination against the Individual Defendants too must fail.

Interpreting Plaintiff's second and third alleged violations liberally—deprivations of an investigation and a hearing on his discrimination complaints and of a hearing on negative statements about his work performance which resulted in his termination—both claims stem from the manner in which he was terminated. After coworkers made "adverse statements" about his work performance to his superior, Plaintiff alleges that Stephen Ha sent a letter to Rolin McPhee recommending that Plaintiff be terminated for "unsatisfactory or inefficient performance of job duties and [that Plaintiff demonstrated] discourteous, offensive, or abusive behavior either by attitude, language or conduct to the public or to fellow employees while in line of duty." (Doc. No. 30 at 30.) Plaintiff alleges that he tried to argue that the allegations against him were due to discrimination but was told that he "could not appeal or argue issues relevant to his pretermination" because he was in a probationary period of employment. *Id*. at 30–31. Therefore the court construes Plaintiff's second and third alleged violations to state that Defendants violated his civil rights by

not investigating his assertion that his coworkers' "adverse statements" about him were discriminatory and then not affording him a hearing on the matter prior to his termination. In bringing these claims, Plaintiff alleges one of two things—either violations of Plaintiff's procedural due process or substantive due process rights under the Fourteenth Amendment. As Plaintiff does not specify whether he brings either claim, the court shall address both due process claims.

### i.   Procedural Due Process

The Due Process Clause has procedural and substantive components. *See County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998). The procedural component requires states to provide a constitutionally adequate process before depriving an individual of life, liberty, or property. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (internal quotations and citations omitted). To the extent that Plaintiff asserts a procedural due process violation, the court interprets Plaintiff's claim to be that Defendants violated the Fourteenth Amendment by: (1) failing to investigate Plaintiff's claim that his coworkers' "adverse statements" about him were due to discrimination, and, (2) failing to provide him a hearing on the matter prior to his termination.

To state a claim for procedural due process, a plaintiff must demonstrate that a state actor deprived him of life, liberty, or property without due process of law. *See Jordan v. Fisher*, 823 F.3d 805, 810 (5th Cir. 2016). To enjoy a property interest in employment, an employee must have a legitimate claim of entitlement created and defined by existing rules or understandings that stem from an independent source such as state law. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). "[U]nless the state 'specifically creates a property interest in a noneconomic benefit—such as a work assignment—a property interest in employment generally does not create due process property protection for such benefits.'" *Davis v. Mann*, 882 F.2d 967, 973 n. 16 (5th Cir. 1989). In

other words, Plaintiff must show that state law affords him a vested property interest in his job before he is entitled to due process of law when he is terminated from that job. *Bishop v. Wood*, 426 U.S. 341, 346 (1976); *Board of Regents v. Routh*, 408 U.S. 564, 569 (1972). However, under Texas law, "there exists a presumption that employment is at-will unless that relationship has been expressly altered ... by contract ... or by express rules or policies." *Muncy v. City of Dallas*, 335 F.3d 394, 398 (5th Cir. 2003) (citations omitted). "[A]bsent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all." *Guerra v. City of Pleasanton*, No. SA-20-CV-00536-XR, 2020 WL 6922632, at *6 (W.D. Tex. Nov. 24, 2020) (quoting *Montgomery Cty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998)).

Plaintiff neither alleges nor argues that he has a property interest in his continued employment because of a contract, rule, or policy. Accordingly, he is presumed to have been employed at-will. Because he is presumed to have been an at-will employee, Plaintiff did not have a property interest in his continued employment, was not entitled to procedural due process prior to termination, and could be terminated "at will, for good cause, bad cause, or no cause at all." *Id*. Therefore, to the extent that Plaintiff alleges a property interest in his employment, this claim fails.

Even if Plaintiff does not demonstrate a property interest in continued employment, his claims may implicate a liberty interest subject to due process protections. The Fifth Circuit has held that "discharge from public employment under circumstances that put the employee's reputation, honor[,] or integrity at stake gives rise to a liberty interest under the Fourteenth Amendment to a procedural opportunity to clear one's name." *Rosenstein v. City of Dallas*, 876 F.2d 392, 395 (5th Cir. 1989). "[A] government employer deprives an employee of liberty under the Fourteenth Amendment if the 'government employer discharges [the] individual under

circumstances that will do special harm to the individual's reputation and fails to give that individual an opportunity to clear his name[.]'" *Cunningham v. Castloo*, 983 F.3d 185, 191 (5th Cir. 2020) (quoting *Rosenstein*, 876 F.2d at 395). In that situation, a public employee has a limited constitutional right to a hearing to clear his name. *Routh*, 408 U.S. at 573. In the Fifth Circuit, the elements of a liberty interest claim are: (1) the employee was discharged; (2) stigmatizing charges were made against him in connection with his discharge; (3) the charges were false; (4) he was not provided notice or an opportunity to be heard prior to his discharge; (5) the charges were made public; (6) he requested a hearing to clear his name; and, (7) the employer refused his request for a hearing. *Bledsoe v. City of Horn Lake, Miss.*, 449 F.3d 650, 653 (5th Cir. 2006).

In his amended complaint, Plaintiff alleges that coworkers "Richard Comer and Steven Fleming drafted an adverse statement" against him which was used by Stephen Ha as a basis to recommend Plaintiff's termination. (Doc. No. 30 at 30.) Plaintiff also asserts that he attempted to "pleaded discrimination before Mr. Ha and Dwayne Archer" but they told him that because he was in a probationary period of employment, he "could not appeal or argue issues relevant to his pretermination." *Id.* at 30–31. He further alleges that he "was not given a hearing," allowed to contest the allegations against him, or "given early notice of having the stated allegations existing as disciplinary warnings or otherwise" prior to a letter by Mr. Ha recommending that his termination. *Id.* at 31–32.

Discharge from employment, without more, is insufficient to implicate a liberty interest. *Vines v. City of Dallas*, 52 F.3d 1067, at *4 (5th Cir. 1995). A plaintiff must allege that the state actor made "concrete, false assertions of wrongdoing on the part of the plaintiff," not offer mere "opinion" about the employee. *Gordon v. Univ. of Tex. Med. Branch*, 700 F. App'x 350, 351 (5th Cir. 2017). A plaintiff must allege more than merely the stigma of discharge; he must allege more

than concern about the impact of the discharge on his general reputation and must allege facts establishing that he was discharged in a manner that creates a false and defamatory impression about him and thus stigmatizes him and forecloses him from other employment opportunities. *Hughes v. City of Garland*, 204 F.3d 223, 227 (5th Cir. 2000). Though Plaintiff alleges that the allegations used as the basis for his termination were false, he does not allege that they reached the required level of stigma to implicate a protected liberty interest. *See Felder v. Hobby*, 1999 WL 1067892, at 5 (5th Cir. 1999) (holding that a coworker's negative comments about a plaintiff's job performance did not rise the required level of stigma to assert a liberty interest). For example, dismissals for dishonesty, *White v. Thomas*, 660 F.2d 680, 684–85 (5th Cir. 1981) (lying on job application); *Robinson v. Wichita Falls & North Texas Community Action Corp.,* 507 F.2d 245 (5th Cir. 1975)(falsifying travel vouchers), for having committed a serious felony, *United States v. Briggs*, 514 F.2d 794, 798 (5th Cir.1975), for manifest racism, *Wellner v. Minnesota State Junior College*, 487 F.2d 153 (8th Cir. 1973), and for lack of "intellectual ability, as distinguished from his performance," *Greenhill v. Bailey*, 519 F.2d 5 (8th Cir. 1975), have been held to implicate a protected liberty interest.

Furthermore, Plaintiff has failed to plead the fifth element of a "stigma plus infringement" claim—that the charges be made public. *See Bledsoe*, 449 F.3d at 653 (5th Cir. 2006). The publicization occurs "where the governmental agency has made or is likely to make the allegedly stigmatizing charges public in any official or intentional manner, other than in connection with the defense of (related legal) action." *Ortwein v. Mackey*, 511 F.2d 696, 699 (5th Cir. 1975) (quotation omitted). Plaintiff fails to allege facts that plausibly demonstrate that Defendants made the "adverse statements" publicly through some official or intentional manner. Therefore, to the extent

Plaintiff alleges the deprivation of a liberty interest when he was not provided a hearing on negative comments about his work performance, the claim also fails.

### ii.  Substantive Due Process

Substantive due process "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Collins v. City of Harker Heights, Te*x., 503 U.S. 115, 125 (1992) (internal citation omitted). Substantive due process is satisfied if the employer acted with a specific exercise of professional judgment in a non-arbitrary and non-capricious manner. *Spuler v. Pickar*, 958 F.2d 103, 107 (5th Cir.1992) ("The only substantive process due Spuler, assuming he had a property interest, was the exercise of professional judgment, in a non-arbitrary and non-capricious fashion."); *Texas ex rel. Bd. of Regents of the Univ. of Tex. Sys. v. Walker*, 142 F.3d 813, 819 (5th Cir.1998) (holding that substantive due process is not violated unless the court can say the official's determinations "so lacked a basis in fact that their decision ... was arbitrary, capricious, or taken without professional judgment").

However, a threshold requirement of any due process claim is that the plaintiff demonstrate a property or liberty interest protected by due process. To proceed with a substantive due process claim in the public employment context, Plaintiff must show that he had a property interest in his employment and that his employer's termination of that interest was arbitrary and capricious. *Babin v. Breaux*, 587 F. App'x 105, 112-13 (5th Cir. 2014); *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993). As previously stated, Plaintiff has not alleged any facts from which it may be inferred that he had a property interest in his employment. Accordingly, to the extent Plaintiff alleges a substantive due process violation, this claim must also be dismissed.

### b.   Conspiracy

Finally, Plaintiff alleges that Defendants violated his civil rights by conspiring to commit employment discrimination. (Doc. No. 30 at 80–81.) The Fifth Circuit has stated that specific facts must be pleaded when a conspiracy is alleged. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). In pleading these specific facts, Plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir. 1987). "Bald allegations that a conspiracy existed are insufficient." *Id.* Under section 1983, a claim for conspiracy must allege (1) an agreement between private and public defendants to commit an illegal act, and (2) a constitutional deprivation. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

Here, even if Plaintiff's allegations could be construed liberally to amount to a constitutional violation for employment discrimination, Plaintiff has failed to allege any agreement existed between Defendants to commit an illegal act. He merely alleges that Defendants conspired against him "to injure him in concert with Covington's process to terminate" him by depriving him "of protected class rights to [be] free from discriminatory acts at the workplace." (Doc. 30 at 80.) Plaintiff's allegations are conclusory and fail to recite a cognizable claim for relief. As such, Plaintiff's conspiracy claims should be dismissed.

### c.   Conclusion to Plaintiff's 1983 Claims

Plaintiff has already been afforded an opportunity to amend his complaint. (Doc. No. 28.) Given the motions by Defendants, the amendments from Plaintiff, along with the lack of clarity in Plaintiff's pleadings, the court finds that any further amendment would not give rise to a plausible claim and that such efforts to amend would be futile. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (holding that a district court does not err in dismissing a pro se complaint with

prejudice if the court determines the plaintiff has alleged his best case). As such, the court **RECOMMENDS** that Plaintiff's section 1983 claims be dismissed with prejudice.

### III.    Plaintiff's Motion for Sanctions

Plaintiff also filed a motion for sanctions against the Defendants' counsel pursuant to Federal Rule of Civil Procedure 11. (Doc. No. 36.) In his motion, Plaintiff contends that sanctions are warranted because: (1) counsel caused an unnecessary delay by filing the City's answer to Plaintiff's amended complaint (Doc. No. 32) and the instant motion to dismiss (Doc. No. 31) on the same day; and, (2) counsel violated Federal Rules of Civil Procedure 11(b)(3) and (4) by denying Plaintiff's claims in the City's Answer and "second guessing the factual assertions (evidence) within the [P]laintiff's complaint." (Doc. No. 36 at 4.) Defendants' counsel argues that the motion for sanctions should be denied in its entirety. (Doc. No. 38.) They argue that the motion to dismiss and answer were filed simultaneously in an effort to expedite resolution of the case as the three newly added defendants voluntarily appeared without service or summons and asserted their arguments for dismissal timely. *Id*. at 3. They also assert that the arguments presented in the filing are based on sound authority and not frivolous. *Id.*

Reviewing Plaintiff's motion, the court cannot ascertain a basis for Rule 11 sanctions. First, Plaintiff is incorrect that counsel caused unnecessary delay by filing the motion to dismiss and the City's answer on the same day. Given that Plaintiff added three new defendants to this case with his amended complaint, counsel has in fact expedited this case by requesting dismissal of claims against the new defendants at the same time as moving the case forward by filing the City's answer. Second, despite Plaintiff's insistence, the court does not find that counsel violated either Fed. R. Civ. P. 11(b)(3) or (4). Plaintiff incorrectly argues that counsel must accept his pleadings as true. (Doc. No. 36 at 4.) Plaintiff appears to conflate the standard that a court must apply when ruling

on a motion to dismiss with an attorney's obligation to present facts favorable to the client. Plaintiff also seems to falsely believe that Defendants' counsel must wait until after discovery to present a defense or deny Plaintiff's assertions. While the court appreciates that Plaintiff is proceeding *pro se*, the court cannot impose sanctions when the deterrent purpose of Rule 11 would be undermined or the alleged conduct violating Rule 11 is merely an attorney defending their client. Accordingly, the court declines to impose Rule 11 sanctions and **DENIES** Plaintiff's motion. (Doc. No. 36.)

## CONCLUSION

For these reasons, the court **RECOMMENDS** that Defendants' motion to dismiss (Doc. No. 31) be **GRANTED** as to Plaintiff's ADA, HIPPA, and TMRPA claims against the Individual Defendants and those claims be **DISMISSED** with prejudice. Furthermore, the court **RECOMMENDS** that Plaintiff's section 1983 claims against all Defendants be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, the court **RECOMMENDS** that the Individual Defendants be **DISMISSED** from the case. Plaintiff's ADA claims against the City of Longview will proceed before the court. Finally, Plaintiff's motions for sanctions (Doc. No. 36) is **DENIED**.

Within fourteen (14) days after receipt of the Magistrate Judge's report and recommendation, any party may serve and file written objections to the findings and recommendations contained in the report and recommendation. A party's failure to file written objections to the findings, conclusions and recommendations contained in this report and recommendation within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79

F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C.

§ 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 4th day of August, 2021.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE